**Cornelia Maribel DE LEON DIAZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 02–73926.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 16, 2005.

Carolyn Reinholdt, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Anthony P. Nicastro, Esq., Office of Immigration and Litigation,

---

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David V. Bernal, Attorney, Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM **

Cornelia Maribel De Leon Diaz, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which summarily affirmed the Immigration Judge's ("IJ") order denying her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny this petition for review.

Substantial evidence supports the IJ's finding that De Leon Diaz failed to establish a nexus between the alleged persecution and a protected ground. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *see also Ochave v. INS,* 254 F.3d 859, 865–66 (9th Cir.2001) (requiring alien to establish nexus between alleged persecution and protected ground). Substantial evidence also supports the IJ's finding that De Leon Diaz did not establish a reasonable possibility of future persecution because she presented no objective evidence of ongoing

problems from the guerrillas. *See Ladha v. INS,* 215 F.3d 889, 897 (9th Cir.2000).

Because De Leon Diaz did not establish that she was eligible for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

